UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

PHB, Inc. d/b/a PHB DIE CASTING,

    Defendant.

Civil Action No. 01-215 Erie

COMPLAINT
JURY TRIAL DEMANDED

RECEIVED
JUN 27 2001
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Frederick E. Jackson, who was affected adversely by those practices. As alleged with greater particularity in paragraph 7 below, the EEOC alleges that on or about March 19, 1999, Defendant discriminated against Mr. Jackson by discharging him from employment because of his race.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, defendant, PHB, Inc. d/b/a PHB Die Casting ("PHB") has continuously been and is now a corporation incorporated and doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 employees.

5. At all relevant times, PHB has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days before the institution of this lawsuit, Frederick E. Jackson, who is an African-American, filed a charge with the EEOC alleging violations of Title VII by PHB. All conditions precedent to this lawsuit have been fulfilled.

7. On or about March 19, 1999, PHB engaged in unlawful employment practices at 7900 West Ridge Road, Fairview PA 16415, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the EEOC alleges:

A. Mr. Jackson was hired by PHB in February 1990 as a die casting production operator.

B. In or about March 19, 1999, Gary Hardick (white male), who was Mr. Jackson's supervisor, accused Mr. Jackson of making threats against him.

C. PHB's custom and practice was to investigate such accusations, imposing discipline if threats were corroborated by a witness, imposing no discipline without such corroboration.

2

D. PHB did not investigate Mr. Hardick's accusation against Mr. Jackson, yet PHB discharged Mr. Jackson forthwith, based solely upon the uncorroborated accusation of Mr. Hardick.

E. Similarly situated white employees who had been accused of uncorroborated threats were not terminated, or even disciplined.

8. The effects of the practices complained of in paragraph 7 above has been to deprive Mr. Jackson of equal employment opportunities and otherwise affect adversely his status as an employee because of his race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to Mr. Jackson's federally protected rights.

## PRAYER FOR RELIEF

Wherefore the EEOC respectfully requests that this Court

A. Grant a permanent injunction enjoining PHB, its officers, successors, assigns and all persons in active concert or participation with it from engaging in racial discrimination and any other employment practice which discriminates on the basis of race.

B. Order PHB to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees including African-Americans, and which eradicate the effects of its unlawful employment practices.

C. Order PHB to make whole Mr. Jackson by reinstating him to his former position and by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, including front pay, and other affirmative relief necessary to eradicate the effects of PHB's

unlawful employment practices.

D. Order PHB to make whole Mr. Jackson by providing compensation for pecuniary and nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including job search expenses, medical expenses, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish and humiliation.

E. Order PHB to pay Mr. Jackson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial of all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street N.W.
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

DAVID INGRAM
Assistant General Counsel

M. JEAN CLICKNER
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Pittsburgh Area Office
Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-6439
FAX: (412) 644-2664

ANN THACHER ANDERSON
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Newark Area Office
1 Newark Center, 21st floor
Newark, NJ 07102-5233
(973) 645-6026
FAX: (973) 645-4524