IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff<br><br>            v.<br><br>PHB, INC. d/b/a PHB DIE CASTING,<br>    Defendant | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 01-215 ERIE<br>)<br>)<br>)<br>) |

**ANSWER**

Defendant PHB, INC. d/b/a PHB DIE CASTING, by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Answer to the Complaint:

Nature of the Action

Admitted in part and denied in part. Defendant PHB, Inc. d/b/a PHB Die Casting (hereinafter "PHB, Inc.") admits that plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC") brings this civil action under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), and Title I of the Civil Rights Act of 1991 (hereinafter "Civil Rights Act of 1991"), alleging that PHB, Inc. discriminated against Frederick E. Jackson (hereinafter "Jackson") by discharging him from employment on March 19, 1999 because of his race.

Defendant PHB, Inc. denies the remaining allegations set forth in the Nature of the Action preface to the Complaint and specifically denies that PHB, Inc. committed any unlawful employment practices on the basis of race, that Jackson was adversely affected by any alleged unlawful employment practices and that PHB, Inc. discharged Jackson from employment on March 19, 1999 because of his race.

## Jurisdiction and Venue

1.  Admitted in part and denied in part. Defendant PHB, Inc. admits that this Honorable Court has subject matter jurisdiction over this civil action filed under Title VII pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3) and that plaintiff EEOC is authorized to bring civil actions under Title VII pursuant to 42 U.S.C. § 2000e-5(f)(1).

    Defendant PHB, Inc. denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.  Admitted. In further answer thereto, defendant PHB, Inc. denies committing any unlawful employment practices within the jurisdiction of the United States District Court for the Western District of Pennsylvania related to the discharge of Jackson from employment on March 19, 1999.

## Parties

3. Admitted. In further answer thereto, the administration, interpretation and enforcement of Title VII by plaintiff EEOC is subject to review by the United States District Courts, including this Honorable Court.

4. Admitted.

5. Admitted.

## Statement of Claims

6. Admitted in part and denied in part. Defendant PHB, Inc. admits that more than 30 days before the filing of this civil action, Jackson, an African-American, filed a Charge of Discrimination with plaintiff EEOC at EEOC Charge No. 172-A00405, alleging certain violations of Title VII by PHB, Inc.

Defendant PHB, Inc. denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Denied. In further answer thereto, defendant PHB, Inc. denies engaging in any unlawful employment practices at 7900 West Ridge Road, Fairview, Pennsylvania 16415 in violation of Title VII with respect to the discharge of Jackson from employment on March 19, 1999.

A. Admitted in part and denied in part. Defendant PHB, Inc. admits that on February 5, 1990, Parker White Metal Company,

a wholly-owned subsidiary of defendant PHB, Inc., hired Jackson as a Cold Chamber Machine Operator.

Defendant PHB, Inc. denies the remaining allegations set forth in Paragraph 7.A of the Complaint.

B.   Admitted in part and denied in part. Defendant PHB, Inc. admits that on March 19, 1999, Jackson threatened his supervisor, Gary P. Hardik (while male), and that Hardik reported these threats by Jackson.

Defendant PHB, Inc. denies the remaining allegations set forth in Paragraph 7.B of the Complaint.

C.   Denied.

D.   Admitted in part and denied in part. Defendant PHB, Inc. admits that Jackson was discharged from employment at Parker White Metal Company on March 19, 1999.

Defendant PHB, Inc. denies the remaining allegations set forth in Paragraph 7.D of the Complaint.

E.   Denied.

8.   Denied.

9.   Denied.

10.  Denied.

### First Affirmative Defense

11. The Complaint fails to state claims against defendant PHB, Inc. upon which relief can be granted.

## Second Affirmative Defense

13. Jackson failed to timely invoke the required administrative procedures under Title VII with respect to the claims against defendant PHB, Inc. set forth in the Complaint.

## Third Affirmative Defense

14. Some or all of the claims set forth in the Complaint are barred by the applicable statutes of limitations.

## Fourth Affirmative Defense

15. Plaintiff EEOC and/or Jackson are not entitled to any compensatory, punitive or other damages under the Civil Rights Act of 1991 because those damages were available to Jackson under 42 U.S.C. § 1981.

WHEREFORE, defendant PHB, Inc. d/b/a PHB Die Casting demands that judgment be entered in its favor and against plaintiff Equal Employment Opportunity Commission with respect to all claims set forth in the Complaint and that reasonable attorneys' fees,

expenses and costs be awarded against the Equal Employment Opportunity Commission.

A JURY TRIAL IS HEREBY DEMANDED.

                Respectfully submitted,

                _____
                Roger H. Taft
                PA Bar ID No. 19983
                Lisa Smith Beck
                PA Bar ID No. 65527
                MacDONALD, ILLIG, JONES & BRITTON LLP
                100 State Street, Suite 700
                Erie, Pennsylvania 16507-1498
                (814) 870-7600

                Attorneys for Defendant
                  PHB, Inc. d/b/a PHB Die Casting

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer was served upon the following attorney of record for plaintiff Equal Employment Opportunity Commission, via First-Class United States Mail, this 27th day of August, 2001:

> Ann Thacher Anderson, Senior Trial Attorney
> Equal Employment Opportunity Commission
> Newark Area Office
> 1 Newark Center, 21st Floor
> Newark, NJ 07102-5233

_____
Roger H. Taft